**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3368
_____

PENNSYLVANIA

v.

ARTIS C. CARROLL, JR.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Criminal No. 5-18-cr-00396-001)
District Judge: Honorable Timothy J. Savage

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2019
Before: JORDAN, GREENAWAY, Jr., and NYGAARD, Circuit Judges

(Opinion Filed: April 2, 2019)
_____

OPINION*
_____

PER CURIAM


   Artis Carroll, Jr., proceeding pro se, appeals a remand order issued by the United

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

States District Court for the Eastern District of Pennsylvania. For the reasons that follow, we will affirm the District Court's order.

Carroll filed a notice of removal of criminal proceedings brought against him in state court. He sought removal pursuant to 28 U.S.C. § 1443, which allows removal in certain cases involving civil rights, and § 1455, which sets forth the procedures for the removal of state criminal proceedings. Carroll asserted that he was subjected to racial discrimination while he was a student at Millersville University. Although the notice is somewhat unclear, Carroll stated that he was suspended for alleged violations of the Student Code of Conduct, that he refused to leave campus, and that he was charged with defiant trespass in 2015. He stated that he then violated the condition of his bail prohibiting him from returning to campus and was charged again with defiant trespass. He appears to state that he was acquitted of the first charge but convicted of the second.

Carroll claimed that he was denied the University's services on account of his race and that the Civil Rights Act of 1964 barred his prosecution because the request that he leave campus was made for racial reasons. Carroll also alleged that he returned to campus after his sentence and suspension expired and sought re-admittance to finish his degree, and that he was charged in 2018 with stalking by communication and harassment by communication. He asserted that these charges were racially motivated and filed to deny him services at the University.

The District Court ruled that Carroll's conclusory allegations were insufficient to sustain removal under § 1443, and stated that, even if he had met the applicable standard,

2

his removal notice was untimely under § 1455(b). The District Court remanded the action to state court and this appeal followed.

An order remanding a case to the State court from which it was removed is not reviewable on appeal, unless the case was removed pursuant to § 1442 or § 1443. 28 U.S.C. § 1447(d). We have jurisdiction to review the remand order to the extent Carroll asserted that removal was proper under § 1443. Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997). We exercise plenary review over legal questions related to a remand order. See Lazorko v. Pennsylvania Hosp., 237 F.3d 242, 247 (2000).

As recognized by the District Court, a defendant seeking to remove a state criminal prosecution under § 1443(1) must show "both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." Davis, 107 F.3d at 1047 (quoting Georgia v. Rachel, 384 U.S. 780, 788 (1966)). Under the first requirement, removal must be based upon a law providing for specific civil rights stated in terms of racial equality, such as the Civil Rights Act of 1964. See id. (discussing Rachel). Under the second requirement, a denial or inability to enforce the right in state court must be manifest in a formal expression of state law. Id. at 1047-48. However, in narrow circumstances, a firm prediction that a defendant would be denied his federal right in state court might be made even absent a discriminatory state law. Id. at 1048.

Although Carroll invokes the Civil Rights Act of 1964, he has not shown that he will be denied or cannot enforce his rights in state court. Carroll relies on Rachel, where

3

the Supreme Court allowed removal where defendants alleged that state trespass charges had been brought against them after they were ordered to leave restaurants solely on account of their race and they refused, and the Court had held that the Civil Rights Act of 1964 protects those who refuse to obey such an order from prosecution. 384 U.S. at 804-05. The Court stated that in these narrow circumstances the pendency of the prosecutions enabled the federal court to clearly predict that the defendants would be denied or could not enforce in the state courts "the right to be free of any 'attempt to punish' them for protected activity." Id. at 805. Unlike in Rachel, Carroll's allegations do not show that he engaged in protected activity. He refused to leave campus and thereafter returned to campus after he had been suspended. A federal court cannot clearly predict based on his allegations that he will be denied a right to be free of prosecution for protected activity in state court.[1]

Finally, to the extent Carroll also sought removal under the All Writs Act, 28 U.S.C. § 1651, which allows removal in certain extraordinary circumstances, Davis, 107 F.3d at 1047 n.4, Carroll did not show that such circumstances exist here.

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.

---

[1]Carroll also refers to § 1443(2) in his removal notice, but that provision is inapplicable as it is available to federal officers and those assisting them in the performance of their official duties. City of Greenwood v. Peacock, 384 U.S. 808, 815 (1966). In light of these conclusions, we do not consider the additional ruling below that the removal notice was untimely.

4